IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOSEPH DEWAYNE BASKIN                                        PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:12cv89-FKB

WILLIAM WAPLES and J. PULLUM                                DEFENDANTS

## OPINION AND ORDER

This is an action filed by a state inmate pursuant to 42 U.S.C. § 1983. The Court has held a *Spears* hearing, and the parties have consented to jurisdiction by the undersigned. Having considered the allegations of the complaint and Plaintiff's testimony at the hearing, the Court concludes that the action should be dismissed as frivolous.

On October 25, 2011, Baskin and his wife were arrested and charged with aggravated assault following a shooting incident at a Jackson hotel. Baskin has now been indicted on the charge. Defendants are police officers who were involved in the investigation of the incident. Baskin claims that Officer Waples testified falsely at his preliminary hearing in that Waples stated that he was unsure whether any gunpowder residue tests had been performed on Baskin. According to Baskin, this testimony was false because Waples had directed the tests be performed and had overseen the collection of the samples. Baskin's complaint concerning Officer Pullum is that Pullum failed at the preliminary hearing to provide the results of the gunpowder residue tests and to produce the weapon used in the shooting.

Plaintiff's claims are problematic for a number of reasons. To the extent that he is claiming that the criminal proceedings against him are unconstitutional, this challenge may be made in federal court, if at all, only pursuant to a habeas petition after the conclusion of

the state court proceedings. Furthermore, Baskin has failed to establish that Waples gave any testimony that could be characterized as "false." The documents submitted by Defendants at the hearing indicate that although gun residue samples may have been taken from Baskin, those samples were apparently never analyzed by the state crime lab. Thus, Waples' testimony, as described by Baskin, could fairly be interpreted to mean that Waples was unsure whether the samples had been analyzed. But whether or not there is any factual basis for Baskin's allegations against Waples and Pullum is of little relevance, as these allegations fail to raise any constitutional issue.[1] Finally, assuming for the sake of argument that Baskin has stated a claim against Defendants, he has nevertheless failed to allege that Defendants' actions were objectively unreasonable such as to overcome their defense of qualified immunity.

For these reasons, the complaint is hereby dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

SO ORDERED AND ADJUDGED, this the 19th day of October, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Baskin has not indicated that he is attempting to state a claim for malicious prosecution. In any event, there is "no . . . freestanding constitutional right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).